**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4605**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

VLADIMIR PETROVICH MAZUR, a/k/a Vladimir Mazur,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.   Glen E. Conrad, Chief
District Judge.  (5:12-cr-00011-GEC-6)

_____

Submitted:  April 29, 2014          Decided:  May 14, 2014

_____

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed in part; vacated and remanded by unpublished per curiam
opinion.

_____

David L. Parker, DAVID L. PARKER, PC, Harrisonburg, Virginia,
for Appellant.  Timothy J. Heaphy, United States Attorney,
Harrisonburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Vladimir Petrovich Mazur of conspiracy to distribute 100 grams of heroin, in violation of 21 U.S.C. § 846 (2012); stealing firearms from a licensed dealer, in violation of 18 U.S.C. § 922(u) (2012); possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2012); and use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Mazur to a total of 141 months of imprisonment and he now appeals. For the reasons that follow, we affirm Mazur's convictions but vacate the sentence and remand for resentencing.

Mazur first argues on appeal that the district court erred in denying his motion to suppress statements of his codefendant that the Government first disclosed during trial. "In reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error, and its legal conclusions de novo." United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008) (citation omitted); see also United States v. Caro, 597 F.3d 608, 616 (4th Cir. 2010) (reviewing an alleged Brady[*] violation de novo). When the district court has denied a defendant's suppression motion, we construe the evidence in the

_____

[*] Brady v. Maryland, 373 U.S. 83 (1963).

light most favorable to the government. <u>United States v. Grossman</u>, 400 F.3d 212, 216 (4th Cir. 2005).

In order to establish a <u>Brady</u> violation, Mazur must demonstrate that the evidence at issue is favorable to him, either because it is exculpatory or impeaching; that the evidence was suppressed by the government; and that he was prejudiced by that suppression. <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999). Favorable evidence is material if the defendant can demonstrate a reasonable probability that, had the evidence been disclosed, the outcome of the proceeding would have been different. <u>Caro</u>, 597 F.3d at 619. We have thoroughly reviewed the record and conclude that the district court did not err in denying Mazur's motion to suppress the statements.

Mazur next argues that the Government failed to present sufficient evidence to support the conviction for the drug conspiracy. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. <u>United States v. Smith</u>, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. <u>United States v. Beidler</u>, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" <u>Smith</u>, 451 F.3d at 216 (citations omitted).

3

Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

In order to prove that Mazur conspired to distribute heroin, the Government needed to show (1) an agreement between two or more persons, (2) that Mazur knew of the agreement, and (3) that Mazur knowingly and voluntarily joined the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). However, the Government was not required to make this showing through direct evidence. In fact, "a conspiracy may be proved wholly by circumstantial evidence," and therefore may be inferred from the circumstances presented at trial. Id. at 858 (citations omitted). Moreover, while evidence of a buyer-seller relationship alone is insufficient to establish a conspiracy, such evidence "is at least relevant (i.e. probative) on the issue of whether a conspiratorial relationship exists." United

4

States v. Hackley, 662 F.3d 671, 679 (4th Cir. 2011) (internal quotation marks and citation omitted). With these principles in mind, we conclude that while there was not overwhelming evidence of Mazur's participation in the conspiracy, the Government presented sufficient evidence from which the jury could conclude that Mazur was guilty of the conspiracy offense. See Hackley, 662 F.3d at 675-81.

Mazur also challenges his sentence on appeal. Mazur argues that the district court erred in declining to reduce his offense level for his minor role in the conspiracy, and that the court erred in calculating the drug weight under the Guidelines. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted); see also United States v. Hicks, 948 F.2d 877, 882 (4th Cir. 1991) ("The calculation of the amount of drugs which results in the establishment of the base offense level is a factual determination subject to review only for clear error.") (citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Manigan, 592 F.3d at 631 (internal quotation marks and citation omitted).

5

A defendant who is only a "minor participant" in a criminal activity may have his offense level reduced by two levels. U.S. Sentencing Guidelines Manual ("USSG") § 3B1.2(b) (2012). This applies to a defendant who is "substantially less culpable than the average participant," "but whose role could not be described as minimal." USSG § 3B1.2(b), cmt. n.3(A) & n.5. In deciding whether the defendant played a minor role, the "critical inquiry is thus not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotation marks and citation omitted). The defendant has the burden of showing by a preponderance of the evidence that he played a minor role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). We have thoroughly reviewed the record and conclude that the district court did not clearly err in denying a reduction in offense level for a minor role.

With respect to the drug weight, "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." USSG § 2D1.1 cmt. n.5. "For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the

6

evidence." United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011) (citation omitted). In addition, a district court must provide an adequate explanation of its drug weight calculation, to allow for meaningful appellate review, "such that the appellate court need 'not guess at the district court's rationale.'" Id. at 442 (quoting United States v. Carter, 564 F.3d 325, 220 (4th Cir. 2009)). We conclude that the court failed to provide a sufficient explanation for its drug weight calculation to provide for meaningful appellate review. The court failed to explain how it arrived at the amount of heroin attributable to Mazur at the sentencing hearing, deferring instead to the presentence report (to which the parties objected), which similarly failed to specify the factual support for the amount of heroin attributed to Mazur.

Accordingly, we affirm Mazur's convictions, but vacate the sentence and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED